UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVECA SANAI, an individual, CYRUS SANAI, an individual, FREDRIC SANAI, an individual, INGRID BURON, an individual, and DARIA SANAI, an individual,<br><br>      Plaintiffs,<br><br> v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCOLLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation,<br><br>      Defendants. | CASE NO. C08-0254-JCC<br><br>ORDER |
| CYRUS SANAI, an individual, and FREDRIC SANAI, an individual,<br><br>      Plaintiffs,<br><br> v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, WILLIAM SULLIVAN, an individual, and MARSH MUNDORF PRATT SULLIVAN AND MCKENZIE, a partnership,<br><br>      Defendants,<br><br> v.<br><br>PHILIP MAXEINER, Special Master,<br><br>      Garnishee. | |

ORDER – 1

This matter comes before the Court on Judgment Creditor Sassan Sanai's Motion for Summary Judgment (Dkt. No. 17), Judgment Debtor Viveca Sanai's Response in opposition (Dkt. No. 19), and Sassan Sanai's Reply[1] (Dkt. No. 21). The Court has carefully considered these papers and their supporting declarations and exhibits, as well as the balance of the record in this case, and has determined that oral argument is not necessary. The Court hereby GRANTS the motion and rules as follows.

**I.  BACKGROUND**

On November 10, 2005, the Court entered a judgment against Viveca Sanai, Cyrus Sanai, and Fredric Sanai, awarding Sassan Sanai sanctions pursuant to 28 U.S.C. § 1927 in the amount of $56,768.00. (C02-2165-TSZ, Dkt. No. 741.) Having received no satisfaction of this judgment, on January 2, 2008, Sassan Sanai applied for a writ of garnishment to collect the amount of the judgment, plus interest and the costs of the garnishment process. (Dkt. No. 2.) The Court issued the writ, in the total amount of $62,332.93, to Philip Maxeiner ("Garnishee"), the Special Master appointed by the Snohomish County Superior Court to hold funds generated from the sale of assets in the dissolution of the marriage of Viveca and Sassan Sanai, and to distribute those funds only pursuant to orders of that court. (*Id*.) Four other writs, involving other underlying judgments against Viveca Sanai, issued from the

---

[1]Viveca Sanai also filed a Surreply (Dkt. No. 22), ten days after the filing of the Reply brief. Sassan Sanai filed a motion to strike the surreply or, in the alternative, for leave to file a rebuttal. (Dkt. No. 25.) Pursuant to the Local Rules, a surreply "must be filed within five judicial days of the filing of the reply brief, and shall be strictly limited to addressing [a] request to strike" material contained in or attached to a reply brief. *See* Local Rules W.D. Wash CR 7(g). Viveca Sanai's Surreply does not comport with these requirements. It is not limited to addressing a request to strike material in the Reply, and it introduces new evidence without any showing why such evidence could not have been included in the Response brief. Ordinarily, the Court would strike such a brief. However, because the Court finds the material attached to Viveca Sanai's Surreply helpful in resolving the *res judicata* issue discussed *infra*, and because it is not prejudicial to Sassan Sanai, the Court has considered the brief. Accordingly, the Court DENIES the request to strike, and GRANTS Sassan Sanai's motion for leave to file the rebuttal contained therein. (Dkt. No. 25.)

ORDER – 2

United States District Court at the same time.[2]

Maxeiner requested direction from the Snohomish County Superior Court, and was ordered by that court to transfer into the court's registry a sufficient amount to cover the writs of garnishment from the funds he held in trust for Viveca Sanai, and to answer all five of the writs. (Order Directing Action of Special Master 1–2 (Dkt. No. 5 at 5–6).) The court also ordered that the funds transferred into the court's registry would not be disbursed except on receipt of a certified copy of a judgment and order, or multiple orders, issued by the United States District Court, directed at Maxeiner.[3] (*Id.* at 2.) On January 22, 2008, Maxeiner answered the writs, indicating that he had deposited into the Snohomish County Superior Court's registry sufficient funds belonging to Viveca Sanai to satisfy the judgments against her. (Dkt. No. 5 at 3.) On February 6, 2008, Sassan Sanai presented a proposed judgment and order requesting that the United States District Court order the Snohomish County Clerk to disburse $62,332.93 to Sassan Sanai. (Dkt. No. 9.)

On February 8, 2008, Viveca Sanai filed an Amended Declaration in Contravention of Garnishee's Answer. (Dkt. No. 11.) In it, she argued that the Court had no jurisdiction to make any orders to the Clerk of the Snohomish County Superior Court. On February 20, 2008, she filed a motion to dismiss the writ of garnishment. (Dkt. No. 12.) On March 25, 2008, this Court denied the motion to dismiss, and set a dispositive motions deadline of May 15, 2008. (Dkt. No. 16.) Thereafter, Sassan Sanai filed the instant

---

[2]The five writs of garnishment issued by the Court are:
C08-0251-JCC, Dkt. No. 2
C08-0252-JCC, Dkt. No. 2
C08-0253-JCC, Dkt. No. 2
C08-0254-JCC, Dkt. No. 2
C08-0255-JCC, Dkt. No. 2.

[3]The Snohomish County Superior Court Order directing the Special Master to deposit the funds into the court's registry stated that: "$299,900.57 deposited into the Snohomish County Court Registry shall not be disbursed except upon receipt of a certified copy of a judgment and order, or multiple orders, issued by the U.S. District Court. Said order(s) would be directed to Philip Maxeiner and the clerk would be authorized to make distributions upon receipt of said judgment(s) and order(s)." (Dkt. No. 5 at 6.)

ORDER – 3

motion for summary judgment on the writ of garnishment, seeking an order finding that no trial is necessary, and that he is entitled to judgment against Maxeiner in his capacity as Special Master. (Mot. 3–4 (Dkt. No. 17).) Sassan Sanai asks the Court to direct the Snohomish County Superior Court Clerk to disburse to him $62,332.93.

Viveca Sanai opposes summary judgment on grounds that the motion "is completely bereft of any facts, or any argument supported by case law." (Resp. 4 (Dkt. No. 19 at 5).) Further, she argues, the writ of garnishment must be dismissed on grounds that the proceeding is barred by *res judicata*. (*Id*.) Viveca Sanai also argues that Maxeiner was "corruptly appointed" to his position of Special Master and that this Court should not "validate that corrupt conduct by issuing instruction to Maxeiner to hand over moneys he illegally and corruptly held[.]" (*Id*. at 6–7.) Viveca Sanai also repeats the unsuccessful argument she made in her motion to dismiss, that the Court "lacks jurisdiction to direct anyone to do anything in respect of the funds held by the Snohomish County Clerk." (*Id*.)

## II. APPLICABLE STANDARD

### A. Controverting a Garnishee's Answer

"A writ of garnishment[4] is a warning by the court to a third party that the plaintiff is attempting to reach funds . . . of the defendant which may be in the hands of the third party." PATRICK J. LAYMAN, 3 WASHINGTON LAWYERS PRACTICE MANUAL § 7.75 (2008). The purpose of Washington's garnishment statute "is to enforce the obligations of debtors." *Watkins v. Peterson Enters.*, 973 P.2d 1037, 1042 (Wash. 1999) (citing WASH. REV. CODE § 6.27.005). The district court applies the Washington garnishment statute because "the procedure on execution . . . [of a money judgment] must accord with the procedure of the state where the court is located[.]" FED. R. CIV. P. 69(a)(1).

Under Washington law, after a writ of garnishment has been issued and answered, a party who is not satisfied with the answer of the garnishee may controvert the answer by filing an affidavit:

---

[4]"The word 'garnishment' is derived from the word 'garner,' meaning to warn." LAYMAN, *supra*, at § 7.75.

ORDER – 4

> stating that the affiant has good reason to believe and does believe that the answer of the garnishee is incorrect, stating in what particulars the affiant believes the same is incorrect.

WASH. REV. CODE § 6.27.210. Thereafter, the garnishee may respond by affidavit within twenty days. *Id.* at § 6.27.220. After twenty days, "the matter may be noted by any party for hearing before a . . . presiding judge for a determination whether an issue is presented that requires a trial." *Id.* "If a trial is not required, then the controversion may be disposed of in whatever manner is appropriate." MARJORIE DICK ROMBAUER, 28 WASHINGTON PRACTICE § 8.50 (1998). In addition, "[i]ssues on controversion may be decided on a motion for summary judgment." *Id.* (citing *Watters v. Doud*, 596 P.2d 280, 282 (Wash. 1979), *abrogated on other grounds by Haley v. Highland*, 12 P.3d 119 (Wash. 2000)).

**B.  Summary Judgment**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the moving party meets this initial burden, then the party opposing the motion must set forth facts showing that there is a genuine issue for trial. *See T.W. Elec. Serv.*, 809 F.2d at 630. The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "In response to a summary judgment motion, . . . the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, . . . which for the purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); FED. R. CIV. P. 56(e). If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24

ORDER – 5

(1986).

**III.     ANALYSIS**

Sassan Sanai argues that there are no material facts in dispute that would require a trial. (Mot. 3 (Dkt. No. 17).) The Court agrees with this proposition. Viveca Sanai's Amended Declaration in Contravention of Garnishee's Answer fails to show that the answer is incorrect. (Dkt. No. 11.) It does not argue that Viveca Sanai owes no debt to Sassan Sanai, nor that the Special Master's description of the funds deposited into the Snohomish County Superior Court's registry is incorrect in any respect. In response to the instant motion, Viveca Sanai raises procedural issues and seeks to invalidate the writ by attacking Maxeiner's appointment as a Special Master in the first place. The Court will address each of Viveca Sanai's arguments in turn, below.

### A.     Support for the Motion

First, Viveca Sanai argues that the motion "is completely bereft of any facts, or any argument supported by case law" and therefore, the motion must be denied. The Court is not persuaded by this argument. The motion is supported by the record, which shows that Viveca Sanai is indebted to Sassan Sanai for the amount specified in the writ (Mot. 2 (Dkt. No. 17); C02-2165-TSZ Judgment (Dkt. No. 741)), and that at the time the writ was served upon the Garnishee, the Garnishee was in control of funds belonging to Viveca Sanai that were sufficient to cover such debt. (Garnishee's Answer (Dkt. No. 5).) The motion is replete with citations to the record establishing these facts. The Court will not deny the motion on grounds that the motion somehow fails for lack of support.

### B.     *Res Judicata*

Viveca Sanai next argues that this proceeding is barred by *res judicata*. (Resp. 4 (Dkt. No. 19 at 5).) Specifically, she argues that the real party in interest is Sassan Sanai's insurance company, American Economy Insurance Company ("AEIC"), which, according to Viveca Sanai, funded Sassan Sanai's attorney's fees. Viveca Sanai asserts that AEIC attempted to illegally enforce this Court's judgment in California state court, and that it had its claim dismissed with prejudice. In support of this assertion,

ORDER – 6

Viveca Sanai attaches an unauthenticated copy of a one-page order from the Los Angeles County Superior Court in a case entitled *Viveca Sanai et al. v. Sassan Sanai et al.*, Case No. SS014408, that states merely that:

> The judgment obtained by American Economy Insurance Company as a real party in interest in respect of Sassan Sanai is vacated, and the complaint filed by American Economy Insurance Company is dismissed with prejudice in its entirety as to all persons identified therein.

(Dkt. No. 19 at 14.) However, attached to her Surreply is a copy of an opposition brief filed by AEIC in the California state case, which explains that because of an error, AEIC attempted to enforce the Western District of Washington judgment issued by Judge Zilly in the California state court. (Dkt. No. 22-2 at 4.) AEIC recognized that this procedure was not proper, because the judgment was not from a "sister state" court of California's, and attempted to withdraw the application for enforcement. Because entry of the judgment had already occurred, the Court vacated it.

The Ninth Circuit has held that:

> [T]he doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction. . . . The elements necessary to establish *res judicata* are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.

*Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (internal citation and quotations omitted). In this case, Viveca Sanai has not satisfied the standards for *res judicata* to apply. Regardless of whether there is privity between the parties, which Sassan Sanai disputes, it cannot be said that there was a final judgment on the merits on the issue presented in this case, which is whether Sassan Sanai is entitled to a judgment from the United States District Court directed at Philip Maxeiner authorizing the Snohomish County Superior Court Clerk to disburse funds to Sassan Sanai sufficient to cover Viveca Sanai's debt to him based on the underlying judgment at Dkt. No. 741 in C02-2165-TSZ. At most, the Los Angeles County Superior Court order vacating the erroneous judgment could be considered a final judgment on the issue of whether such an order could issue from the Los

ORDER – 7

Angeles County Superior Court.

Accordingly, this Court will not bar this proceeding on *res judicata* grounds.

### C. Allegations of Corruption

Viveca Sanai next argues that Maxeiner was "illegally and corruptly appointed to the position of 'special master' . . . by the Snohomish County Superior Court." (Resp. 6 (Dkt. No. 19 at 7).) Specifically, she argues that Maxeiner "is under the control of Sassan Sanai, and does his bidding." (*Id.*) As a result, she argues, Maxeiner never had authority to hold the funds in the first place, and this Court should not "validate that corrupt conduct." (*Id.* at 7.)

The Court is not persuaded by this argument. There is no evidence in the record to support Viveca Sanai's allegations of corruption. In any event, Maxeiner was not acting pursuant to Sassan Sanai's orders when he deposited the funds into the Snohomish County Superior Court's registry and answered the writs; he was following that court's order. This Court finds no basis for invalidating the writ of garnishment based on Maxeiner's role as Special Master.

### D. This Court's Jurisdiction

Finally, Viveca Sanai argues that this Court "lacks jurisdiction to direct anyone to do anything in respect of the funds held by the Snohomish County Clerk" because Maxeiner transferred the funds to the Clerk, and the Clerk is not a party to the writs of garnishment. (Resp. 7 (Dkt. No. 19 at 8).) The Court finds Viveca Sanai's argument without merit.

"Garnishment reaches personal property or effects of the defendant in possession or control of the garnishee at the time when the writ is served." ROMBAUER, *supra*, § 8.10. At the time the writ in this case was served on Maxeiner, he was in possession of Viveca Sanai's divorce proceeds. After the writs issued, the Snohomish County Superior Court directed him to deposit the funds into the court's registry to await orders from this Court authorizing the Clerk to disburse the funds. That court expressly recognized that it was still proper for any order issuing from this Court with respect to the disbursement of the funds to be directed at Maxeiner. The Court finds nothing in Viveca Sanai's briefing that would defeat this Court's

ORDER – 8

jurisdiction to issue such an order.

Accordingly, the Court finds that there are no disputed issues of material fact requiring a trial in the instant case. It is undisputed that Viveca Sanai is indebted to Sassan Sanai in the amount $62,332.93, and that when the writ of garnishment issued, the Garnishee was in control of a sufficient amount of Viveca Sanai's funds to cover the amount sought in the writ, and that those funds are presently deposited in the Snohomish County Superior Court's registry awaiting an order from this Court with respect to disbursement to Sassan Sanai. The Court GRANTS Sassan Sanai's motion for summary judgment on the issue of whether Sassan Sanai is entitled to such an order.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Sassan Sanai's Motion for Summary Judgment (Dkt. No. 17). Specifically, the Court Orders that:

(1) Sassan Sanai is awarded judgment against the garnishee Philip Maxeiner, Special Master, in the amount of $62,332.93;

(2) The Snohomish County Superior Court clerk in Cause No. 01-3-00054-5 shall disburse to the judgment creditor Sassan Sanai the sum of $62,332.93 upon receipt of a certified copy of this Order and the Judgment entered in this case; and

(3) Sassan Sanai's motion to strike the surreply or, in the alternative, for leave to file a rebuttal to it (Dkt. No. 25) is DENIED IN PART with respect to striking the surreply and GRANTED IN PART with respect to leave to file the rebuttal contained therein.

The Clerk of the United States District Court is DIRECTED to close this case.

SO ORDERED this 29th day of August, 2008.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 9